# EXHIBIT 15



DEPARTMENT OF HEALTH & HUMAN SERVICES

Food and Drug Administration
Rockville, MD 20857

ANDA 076596

Teva Pharmaceuticals – Americas
Attention: Marc Goshko, Vice President
Product and Patent Strategy
Legal Affairs
425 Privet Road, PO Box 1005
Horsham PA 19044-8005

Dear Mr. Goshko:

This letter is in response to your letter of February 29, 2012 (February 29 Letter), addressed to David T. Read of the Food and Drug Administration (FDA), regarding abbreviated new drug application (ANDA) 076596 of Teva Pharmaceuticals USA., Inc., (Teva) dated December 24, 2002, for modafinil tablets, 100 mg and 200 mg. Specifically, the February 29 Letter seeks information regarding Teva's eligibility for 180-day exclusivity provided for under 505(j)(5)(B)(iv) of the Federal Food, Drug, and Cosmetic Act (the Act)[1] by asking FDA to confirm that Teva is "the only ANDA applicant for generic modafinil (PROVIGIL®) tablets that submitted valid Paragraph IV certifications to both Orange Book-listed PROVIGIL® patents on the first eligible dates for submitting valid Paragraph IV certifications to those patents." February 29 Letter, at 1. New drug application (NDA) No. 020717 for PROVIGIL® Tablets is held by Cephalon, Inc. (Cephalon), a company that became a wholly owned subsidiary of Teva Pharmaceutical Industries Ltd. as of October 14, 2011.[2]

Your February 29 Letter sets forth information that you state has only recently come to Teva's attention because "[a]fter Teva's global parent company acquired PROVIGIL® NDA holder Cephalon, Teva was able to review Cephalon's records relating to PROVIGIL® for the first time." February 29 Letter, at 1. The information from these records pertains to the timing of Teva's certifications in ANDA 076596 to the two patents listed for PROVIGIL® Tablets in FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") and to the timing of patent certifications of other ANDA applicants for whom PROVIGIL® Tablets is a reference listed drug (RLD).

In your February 29 Letter, you assert that:

> [N]o [ANDA] applicant other than Teva notified Cephalon of Paragraph IV certifications to both listed patents for PROVIGIL® on the two dates that

---

[1] Because your ANDA was filed before the date of enactment of the Medicare Prescription Drug, Improvement and Modernization Act (MMA) (Public Law 108-173) on December 8, 2003, references herein to the 180-day exclusivity provision are to the section of the Act as in effect prior to December 8, 2003. *See* MMA § 1102(b)(1).

[2] Teva Pharmaceuticals USA lists "Provigil® (modafinil) Tablets" as one of "Teva's Brand Products." *See* http://www.tevausa.com/default.aspx?pageid=3452&audience=hcp, last accessed on March 25, 2012.

Reference ID: 3108092

respectively would have corresponded to the first valid submission of such certifications to, and receipt of such certifications by, the Agency.

February 29 Letter, at 2. You request that FDA "confirm" that Teva holds first-filer status on both listed patents, and therefore is the sole first applicant "entitle[d]" to the 180-day exclusivity for generic modafinil tablets. Id. at 3. As discussed in detail below, this matter involves novel and complicated legal and factual considerations, and a decision would be premature at this time.

At its core, your letter expresses Teva's desire to know whether and when it will face generic competition. This interest, common to all participants - innovator or generic - in the marketplace for any drug, does not entitle Teva to the agency's immediate decision with regards to 180-day exclusivity for modafinil products. FDA has a well-established practice under which it makes determinations regarding 180-day exclusivity when it is in a position to either approve an application that may be eligible for 180-day exclusivity, or to act on a subsequent applicant's ANDA as to which final approval may be delayed by another applicant's exclusivity. This practice serves the goal of administrative economy and protects the agency from making decisions before the relevant factors on which the decisions will be based are settled.

Although Teva has demanded an answer, and threatened to sue if FDA does not provide one on the timetable that Teva has demanded, the issues Teva raises are not pure questions of law with established answers. Teva's request and its unique posture with regards to modafinil as both the NDA holder and an ANDA applicant raise novel and complex legal and factual issues. In determining Teva's eligibility for sole or shared exclusivity, FDA must consider, for the first time, the effect of an ANDA applicant's purchase of the RLD on any eligibility for exclusivity. As noted above, Teva's parent company purchased Cephalon, and is marketing PROVIGIL, the RLD. FDA has never previously made a 180-day exclusivity determination in a situation in which one of the ANDA applicants seeking exclusivity - which would block approval of other ANDAs - is also the NDA holder.

In addition, FDA must consider whether the following facts affect Teva's eligibility for exclusivity: (1) Teva has not filed a submission to its ANDA for modafinil tablets since 2009, (2) it has not requested final approval of its ANDA, and (3) it has not provided FDA with any indication that, in light of its purchase of the RLD, it ever intends to seek approval of its ANDA.

We also note that Mylan, another ANDA applicant for modafinil, has claimed it is a first applicant eligible for exclusivity as to U.S. Patent No. RE37516 (the '516 patent) on a legal theory that is different from the one set out in your letter. See Letter dated July 25, 2005, from Mylan Laboratories Inc., regarding 180-day exclusivity for Modafinil Tablets, 100 mg and 200 mg., upon which Teva submitted comments on September 2, 2005.

2

We further note that Teva is in the unprecedented position of knowing specific information about all other ANDA applicants' patent certifications due to the fact that Teva's parent company acquired Cephalon and Cephalon's records concerning other ANDA applicants' paragraph IV certifications for modafinil. In asking the Agency to confirm Teva's privately-held understanding, you effectively are requesting that FDA confirm Teva's assessment of other ANDA applicants' confidential commercial information. Moreover, you are asking the agency to give Teva FDA's determination with respect to exclusivity prior to providing that information to other ANDA applicants, who have an equal need and desire for access to this information to conduct business planning. Due to the confidential nature of this information under FDA regulations (see 21 C.F.R. 314.430), and the non-public forum in which you have requested FDA's decision (seeking a response in a letter regarding your unapproved ANDA rather than publicly petitioning the agency), FDA is restricted from soliciting the views of other ANDA holders on your position, and/or responding publicly to your request. Providing a confidential response to Teva under these circumstances would not be appropriate.

In sum, FDA must consider these and other complex legal and factual issues in making a determination concerning any exclusivity for pending ANDAs for generic modafinil. FDA makes these determinations at the time of ANDA approval or when eligibility for exclusivity is a barrier to approval of an otherwise eligible ANDA. Teva's interest in securing advance and exclusive knowledge of the future composition of the generic marketplace does not outweigh the agency's substantial institutional interest in not expending resources to prematurely answer inquiries raising complex, novel legal and factual issues.

Since a decision on 180-day exclusivity is not required at this time in order for the agency to act on a pending modafinil tablets ANDA, we respectfully decline to provide the exclusivity determination you request.

                                        Sincerely,

                                        Keith O. Webber, Ph.D.
                                        Deputy Director
                                        Office of Pharmaceutical Science
                                        Center for Drug Evaluation and Research

---
**This is a representation of an electronic record that was signed electronically and this page is the manifestation of the electronic signature.**
---

/s/
----------------------------------------

KEITH O WEBBER
03/28/2012